

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00282-CR

**LAWRENCE VASQUEZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2015-589-C1

## MEMORANDUM OPINION

Lawrence Gregory Vasquez pled guilty without a plea bargain to the offenses of Possession of a Controlled Substance, Cocaine, with the intent to deliver, in an amount of four grams or more but less than 200 grams in a drug free zone and Possession of a Controlled Substance, Methamphetamine, with the intent to deliver, in an amount of four grams or more but less than 200 grams in a drug free zone.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112; 481.134 (West 2017).  After a presentence investigation, the trial court sentenced Vasquez to 20 years in prison for each offense with the sentences to run

concurrently.

Vasquez's appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw, asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel advised Vasquez that counsel had filed the motion and brief pursuant to *Anders*, advised Vasquez of his right to review the record, and advised Vasquez of his right to submit a response on his own behalf. Vasquez did not submit a response.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire record, including the guilty plea, waiver of jury trial, and stipulation of evidence; the sufficiency of the evidence; the sentencing; trial counsel's failure to prepare for sentencing; and the reasonableness of the sentence. After the review, counsel concludes there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably

persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, we have determined that this appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Judgment of Conviction by Court—Waiver of Jury Trial (Count I) signed on May 14, 2018 and the trial court's Judgment of Conviction by Court—Waiver of Jury Trial (Count II) signed on May 14, 2018.

Should Vasquez wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Vasquez is granted, and

counsel is discharged from representing Vasquez. Notwithstanding counsel's discharge, counsel must send Vasquez a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed March 27, 2019
Do not publish
[CR25]

